Dear Speaker Danny Hilliard,
¶ 0 This office has received your request for an Attorney General's Opinion in which you ask, in effect, the following question:
 Under 43A O.S. Supp. 2002, § 3-415(F), if an organization receives accreditation from either the Joint Commission on Accreditation of Healthcare Organizations or the Commission on Accreditation of Rehabilitation Facilities — both of which are private entities — is the Board of Mental Health and Substance Abuse Services required to certify treatment and therapeutic methods provided by that organization?
¶ 1 Your inquiry references a provision in the Oklahoma Alcohol and Drug Abuse Services Act, ("Act"), 43A O.S. 2001 Supp.2002, §§ 3-401 through 3-429. The Act provides for certification of facilities and organizations which offer treatment, counseling and rehabilitation services for alcohol- and drug-dependent persons. Certification is granted by the Board of Mental Health and Substance Abuse Services ("Board") as the governing body of the Oklahoma Department of Mental Health and Substance Abuse Services ("ODMHSAS"). Id. § 3-415(C).
¶ 2 To provide treatment services for alcohol- or drug-dependent persons in Oklahoma, a facility must be certified by the Board and such certification is contingent upon compliance with all ofthe standards adopted by the Board. See 43A O.S. Supp. 2002,§ 3-415[43A-3-415](A)(1). Certification by the Board is totally separate and distinct from accreditation offered by private entities such as the Joint Commission on Accreditation of Healthcare Organizations, ("JCAHO"), or the Commission on Accreditation of Rehabilitation Facilities, ("CARF"). Id. § 3-415(F); OAC450:1-9-7(f). The JCAHO and the CARF evaluate and accredit health care organizations and programs in the United States for their own purposes, including rehabilitation hospitals and organizations that provide substance abuse services.
¶ 3 While accreditation by these private entities is based upon standards which, in part, are similar to those adopted by the Board, in Title 450, Chapter 18, of the Oklahoma Administrative Code, OAC 450:18-1-1 through 18-11-4, the private entities' accreditation standards are not the same as the Board's certification standards. There are Board standards which are not addressed by the accrediting entities. For example, there are Board certification standards addressing "Dietetic services" (OAC450:18-5-4), "Day school" (OAC 450:18-5-6), and the Board's Advocate General's investigation of consumer rights (OAC450:18-11-4), which are not addressed by either JCAHO or CARF in their accreditation process.
¶ 4 Also, some Board standards are more stringent than those of JCAHO or CARF, such as the standards for "Outpatient services" (OAC 450:18-3-21), and "Residential treatment for adolescents" (OAC 450:18-3-161). In these cases, accreditation by JCAHO or CARF does not demonstrate compliance with the Board's standards for certification required by 43A O.S. Supp. 2002, § 3-415[43A-3-415](F) and OAC 450:1-9-7(f).
¶ 5 In short, the accreditation process of these two private accrediting entities considers some, but not all of the criteria required for certification by the Board. To the limited extent that accreditation by these private entities reflects compliance with some of the Board's certification requirements, the Board accepts such accreditation as evidence of compliance with the State's certification standards without further review. OAC450:1-9-7(f). However, to obtain certification from the Board, all of the Board's standards must be met by a facility, not just those considered by the private accreditation entities.
¶ 6 In the Act, the Board is directed to promulgate standards for certification of such facilities and organizations, and only certified facilities may provide treatment and rehabilitation.
 The Board of Mental Health and Substance Abuse Services shall promulgate rules and standards for certification for private facilities and organizations which provide treatment, counseling and rehabilitation services directed toward alcohol- and drug-dependent persons. These facilities and organizations shall be known as "Certified Services for the Alcohol and Drug Dependent". Only certified facilities may receive and assist alcohol- and drug-dependent persons by providing treatment and rehabilitation.
Id. § 3-415(A)(1) (emphasis added).
¶ 7 The statute referenced in your inquiry mandates compliance with all of the standards adopted by the Board:
 Certified services for the alcohol- or drug-dependent person shall comply with standards adopted by the Board. Such standards shall require that treatment and therapeutic methods shall be in compliance with:
 1. The Joint Commission on Accreditation of Healthcare Organizations;
 2. The Commission on Accreditation of Rehabilitation Facilities; or
 3. Approved medical and professional standards as determined by the Board.
Id. § 3-415(F) (emphasis added).
¶ 8 This statute requires the Board, in adopting State certification standards, to choose one of the three options. The Board could adopt either of the private accreditation entities' standards as the State's certification standards, or alternatively the Board could exercise the third option by developing its own medical and professional standards.
¶ 9 The Board complied with this legislative mandate by choosing the third alternative. OAC 450:1-9-1. The Board adopted its own medical and professional standards — standards which are more comprehensive and to some extent more stringent than the private accreditation standards used by either of the private entities. The standards for certification of facilities adopted by the Board are contained in Title 450, Chapter 1, of the Oklahoma Administrative Code, OAC 450:1-9-1 through 1-9-14.
¶ 10 An agency charged with the duty of administering an act is impliedly clothed with power to construe it as a necessary precedent to administrative action. Arbuckle Abstract Co. v.Scott, 975 P.2d 879, 886 (Okla. 1998). In establishing standards in compliance with Section 3-415(F), the Board promulgated OAC 450:1-9-7(f) for acceptance of accreditation by JCAHO or CARF as evidence of compliance with some, but not all, of the required State standards:
 The ODMHSAS may accept accreditation granted by the Joint Commission on Accreditation of Healthcare Organizations (JCAHO), the Commission on Accreditation of Rehabilitation Facilities (CARF) or the American Osteopathic Association (AOA) as compliance with certain specific ODMHSAS standards as identified in the site review protocol.
Id. (emphasis added).
¶ 11 The Board, through adoption of OAC 450:1-9-7(f), allows accreditation by JCAHO or CARF to serve as evidence of compliance with certain, but not all, of the standards adopted by theBoard. Under the State certification standards, if a facility is accredited by either JCAHO or CARF, the Board may accept compliance with standards required by either of the private organizations as meeting some of the State standards. However, the facility must meet all other standards required by the Board to be certified by the State — not just standards considered by the private accreditation entities. 43A O.S. Supp. 2002, §3-415[43A-3-415](F).
¶ 12 In conclusion, as authorized by 43 O.S. Supp. 2002, § 3-415[43-3-415](F), the Board adopted State medical and professional standards for the certification of facilities that provide treatment services to alcohol- or drug-dependent persons. Only facilities certified by the Board may lawfully provide such services in Oklahoma. Id. § 3-415(A)(1). The certification standards adopted by the Board are more comprehensive, and to some extent more stringent than the accreditation standards of either of the two private accreditation entities, JCAHO or CARF. Under the rules adopted by the Board, the Board accepts accreditation by either JCAHO or CARF as evidence of compliance with some, but not all of the State certification standards. To be certified under the State's medical and professional standards, a facility must meet not only the accreditation standards of JCAHO or CARF, but also all of the State standards.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. As authorized by 43 O.S. Supp. 2002, § 3-415[43-3-415](F), the Board of Mental Health and Substance Abuse Services, ("Board"), has adopted State medical and professional standards for the certification of facilities that provide treatment services to alcohol- or drug-dependent persons. Only facilities certified by the Board may lawfully provide such services in Oklahoma.
 2. The certification standards adopted by the Board are more comprehensive, and to some extent more stringent than the accreditation standards of either of the two private accreditation entities: the Joint Commission on Accreditation of Healthcare Organizations ("JCAHO") or the Commission on Accreditation of Rehabilitation Facilities ("CARF").
 3. Under the rules adopted by the Board, the Board accepts accreditation by either JCAHO or CARF as evidence of compliance with some, but not all of the State certification standards.
 4. To be certified under the State's medical and professional standards, a facility must meet not only the accreditation standards of JCAHO or CARF, but also all of the State standards.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 ANNETTE HOOPER PRINCE Assistant Attorney General